UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANA WALKER,

        Plaintiff,

Case No. 12-11175

Hon. John Corbett O'Meara

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

        Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF DEANA WALKER'S AUGUST 23, 2013 MOTION FOR <u>ATTORNEY FEES</u>**

Plaintiff Deana Walker filed a motion for attorney fees August 23, 2013, under 28 U.S.C. § 2412(d). Defendant Carolyn Colvin ("Commissioner") filed a response September 6, 2013. Notice of Determination of Motion Without Oral Argument was filed August 29, 2013.

## <u>FACTS</u>

Plaintiff prevailed on a social security appeal against Commissioner May 31, 2013. As the prevailing party, Plaintiff seeks attorney fees in the total amount of $1,899.00, fees associated with bringing the appeal. In breaking down the fee,

Plaintiff's attorney fees were calculated at rate of $172.50 for 10.4 hours. In addition, Plaintiff's attorney fees include legal-assistant time at a rate of $75.00 per hour for 1.4 hours. Commissioner contends that disputing Plaintiff's benefit claim was substantially justified, and in the alternative, if not substantially justified, the fees should be capped at $125.00 per hour according to statutory authority.

## LAW AND ANALYSIS

Title 28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to any prevailing party . . . fees . . . incurred in a civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified."  (Equal Access to Justice Act or "EAJA").  However, § 2412(d)(2)(A)(ii) provides "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . .  justifies a higher fee."

### A. Substantially Justified

Commissioner first contends that the original denial was substantially justified because the series of appeals and subsequent reviews found meritless claims.  Moreover, Commissioner argues that Plaintiff prevailed only on one claim. In support, Commissioner cites to Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990); however, this case does not apply to the issues presented by the current case.  See id. at 162 ("[A]bsent unreasonably dilatory conduct by the prevailing

2

party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action."). Jean stood for the proposition that the court must consider the fee for all aspects of that particular case, not just the appeal in question. Id.

Next, Commissioner argues that the Commissioner's denial and subsequent positions in the appeals process were substantially justified. Commissioner and Plaintiff argue Pierce v. Underwood, 487 U.S. 552 (1988), as support for their positions. One of the direct issues in Pierce was whether the decision not to implement a federal-housing subsidy program was substantially justified. The Pierce court held that the government's position was not substantially justified. Id. at 570. Additionally, "the District Judge did not abuse his discretion . . ." in finding that the government's position was not substantially justified. Id. at 571. In reaching that conclusion, the court defined substantially justified as "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Id. at 565; see also Jean, 496 U.S. at 166 n.6.

In the instant fee-based litigation, the court will treat the case as an "inclusive whole" and not as "atomized line-items." Jean, 496 U.S. at 161-62. In treating this as an "inclusive whole" and not itemized, Plaintiff was the prevailing party; and the court need not segregate each step of the litigation in assessing fees.

3

In addition, similar to Pierce, this court finds that Commissioner's position was not substantially justified. Therefore, Plaintiff's attorney fees will be awarded.

### B. Amount of Attorney Fees

Because the court finds that Plaintiff is entitled to receive attorney fees, the court must find the appropriate amount to award. Plaintiff argues for an hourly billing rate of $172.50. Although fees are capped in the statute at $125.00 per hour, Plaintiff justifies higher fees based on the Consumer Price Index multipliers, indicating cost-of-living adjustments. However, the Consumer Price Index is "not enough" to support an argument for fees in excess of the statutorily capped rates. Bryant v. Comm'r, 578 F.3d 443, 450 (6th. Cir. 2009).

Because legal-assistant fees are undisputed, the court will grant legal-assistant fees at $75.00 per hour. Therefore, attorney fees are 10.4 hours at $125.00 per hour for a total of $1300.00. Legal-assistant fees are 1.4 hours at $75.00 per hour for a total of $105.00. The court finds Plaintiff is entitled to a total amount of $1405.00.

### ORDER

It is hereby **ORDERED** that Plaintiff Deana Walker's August 23, 2013 motion for attorney fees is **GRANTED IN PART** as to the attorney fees.

It is further **ORDERED** that Plaintiff's motion for attorney fees is **DENIED IN PART** as to the amount of $172.50 per hour and capped at $125.00 per hour.

It is further **ORDERED** that Commission **PAY** $1405.00 in attorney fees.


Date: June 10, 2014                                        s/John Corbett O'Meara
                                                           United States District Judge


I hereby certify that on June 10, 2014 a copy of this order was served upon counsel of record using the ECF system.


                                                           s/William Barkholz
                                                           Case Manager